UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DAVID AUGUST KILLE, SR., | ) | |
| Plaintiff, | ) ) | 3:11-cv-00213-RCJ-VPC |
| vs. | ) ) | |
| HON. NANCY SAITTA, *et al.*, | ) ) | **ORDER** |
| Defendants. | ) ) | |

This is a closed *pro se* prisoner civil rights action. By order filed April 1, 2011, this action was dismissed. (ECF No. 4). Judgment was also entered on April 1, 2011. (ECF No. 6). On April 20, 2011, plaintiff filed a motion to set aside the judgment, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 7).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).

In the instant case, this Court properly entered judgment dismissing this action in the order filed April 1, 2011. (ECF No. 4). In his motion for reconsideration, plaintiff has not identified any mistake, intervening change in controlling law, or other factor that would require vacating the judgment. Plaintiff has not shown that manifest injustice resulted from dismissal of the action. Plaintiff also has not presented newly discovered or previously unavailable evidence. Plaintiff has failed to make an adequate showing under Rule 60(b) to justify granting his motion to set aside the judgment.

**IT IS THEREFORE ORDERED** that plaintiff's motion to set aside judgment (ECF No. 7) is **DENIED.**

**IT IS FURTHER ORDERED that plaintiff shall file no further documents in this action. The Clerk of Court SHALL RETURN to plaintiff, UNFILED, any further documents submitted in this closed case.**

DATED this  11th  day of May, 2011.

_____
UNITED STATES DISTRICT JUDGE